UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| PERDIDO ROMIOUS, | ) | No. 12 B 26203 |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |
| | ) | |
| In re: | ) | |
| | ) | Chapter 13 |
| JAMES & SYLVIA WATTS, | ) | No. 12 B 21218 |
| | ) | |
| Debtors. | ) | Judge Janet S. Baer |

**MEMORANDUM OPINION**

Motions for relief from the automatic stay were filed in the above-captioned cases. Both motions raise the same unsettled issue in this jurisdiction—the proper treatment of Illinois property tax sales in chapter 13. Because the issue raised by the motions in the two cases is identical, the Court addresses them together in a single memorandum opinion. For the reasons set forth below, the motions will be denied.

**Jurisdiction**

The Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. These are core proceedings under 28 U.S.C. § 157(b)(2)(G).

**Romious**

Perdido Romious ("Romious") owns an interest in real property located at 2929 West 140th Street, Blue Island, Cook County, Illinois. Romious failed to pay the general real estate taxes assessed against this property for 2007. In July 2009, Cook County conducted a sale,

1

pursuant to Illinois law, to enforce the tax obligation.[1] Lyubomir Alexandrov ("Alexandrov") purchased the delinquent real estate taxes at the sale. Although the certificate of purchase identifies "Practicorp Incorporated" as the purchaser, there is no dispute that Alexandrov has standing to pursue the motion here.

Pursuant to state law, Alexandrov filed his petition for a tax deed. Romious had until July 13, 2012 to redeem the delinquent taxes and retain the property. Alexandrov's petition for a tax deed was still pending when, on June 29, 2012, Romious filed for chapter 13 relief. By operation of 11 U.S.C. § 108(b)(2), the redemption period was extended to sixty days from the filing of the petition, to August 28, 2012. To date, the taxes have not been redeemed. Romious' chapter 13 plan proposes to pay the delinquent real estate taxes over sixty months, through monthly disbursements by the chapter 13 trustee to the Cook County Clerk. Alexandrov objected to confirmation of the plan and moved for relief from the automatic stay to continue with his petition for issuance of a tax deed in the Circuit Court of Cook County.

### Watts

The facts in the Watts case are substantially similar. James and Sylvia Watts (collectively "Watts") own real property located at 9338 South Avalon Avenue, Chicago, Cook County, Illinois. They failed to pay the 2007 real estate taxes assessed against this property. Cook County subsequently sold the delinquent real estate taxes to FNA Cardinal 09, LLC ("FNA"). A certificate of purchase was issued on July 20, 2009.

The redemption period for the 2007 taxes was set to expire on June 8, 2012. Watts filed for chapter 13 relief on May 24, 2012, thereby extending the redemption period to July 23, 2012.

---

[1] The type of sale involved in these two cases was an "Annual Tax Sale," conducted pursuant to 35 ILCS 200/21-205 through 21 - 250. "What is offered at such a sale is not a deed to the property, but rather a certificate of purchase, which can be exchanged for a deed only if the property is not redeemed." *In re Bates*, 270 B.R. 455, 459 (Bankr. N.D. Ill. 2001) (citation omitted).

To date, the taxes have not been redeemed. Watts' chapter 13 plan provides for payment of the delinquent taxes to Cook County over the life of the plan. FNA moved for relief from the automatic stay to continue with its petition for issuance of a tax deed in the Circuit Court of Cook County. In addition, FNA objected to confirmation because the plan allocates payments to the Cook County Treasurer, not FNA, and the plan proposes to pay no interest on the claim.[2]

## Discussion

These cases involve an issue that has divided the bankruptcy and district court judges in this Circuit—whether a debtor can cure delinquent property taxes through a chapter 13 plan even though the redemption period expires during pendency of the bankruptcy case. The disagreement concerns the interplay between 11 U.S.C. § 1322(b)(2) and 11 U.S.C. § 108(b), as well as the nature of a tax purchaser's interest arising out of the Illinois tax sale procedure.[3]

Following the reasoning set forth in Judge Wedoff's opinion in *Bates*, some courts have allowed chapter 13 debtors to modify a tax purchaser's right to receive payment prior to the expiration of the state law redemption period, and instead provide for payment of the purchaser's claim in installments over the life of the plan. *In re Bates*, 270 B.R. 455, 466-67 (Bankr. N.D. Ill. 2001); *In re Kasco*, 378 B.R. 207, 214 (Bankr. N.D. Ill. 2007) (Hollis, J.), *aff'd*, No. 07 C 7270 (N.D. Ill. Aug. 14, 2008) (Norgle, J.); *In re McKinney*, 341 B.R. 892, 898-99 (Bankr. C.D. Ill. 2006), *aff'd sub nom. Salta Grp., Inc. v. McKinney*, 380 B.R. 515 (C.D. Ill. 2008).

---

[2] The modified plan filed on September 24, 2012 proposes to pay FNA $8,734.94 at 12 percent interest.

[3] Section 1322(b)(2) of the Bankruptcy Code states that a chapter 13 plan may generally modify the rights of holders of secured claims. Section 108(b) states that where "applicable nonbankruptcy law . . . fixes a period within which the debtor . . . may . . . cure a default . . . or perform any other similar act, and such period has not expired before the date of the filing of the petition," the trustee may "cure, or perform, as the case may be," only before the later of the expiration of that period or 60 days after the order for relief. 11 U.S.C. § 108(b). The Illinois real estate tax sale procedure has been discussed extensively by other courts and need not be recounted here. *See, e.g., In re La Mont*, No. 12 C 2481, 2012 WL 6727404, at *2-3 (N.D. Ill. Dec. 27, 2012).

3

In contrast, other courts have held that § 108(b) limits a debtor's ability to modify a tax purchaser's claim in chapter 13 to nothing more than a sixty-day extension of the deadline to pay the claim in full. *In re Murray*, 276 B.R. 869, 875-76 (Bankr. N.D. Ill. 2002) (Squires, J.) (stating that "the power of modification of secured claims under § 1322(b)(2) is effectively limited by and to the extended time period afforded for redemptions under § 108(b)"); *In re Smith*, Ch. 13 Case No. 00 B 22481, slip op. at 11-12 (Bankr. N.D. Ill. July 31, 2002) (Ginsberg, J.) (cure provisions of chapter 13 could not be used to cure tax delinquency after redemption period expired during pendency of bankruptcy case), *aff'd sub nom. Smith v. Phoenix Bond & Indem.*, 288 B.R. 793 (N.D. Ill. 2002) (Moran, J.).

The issue arose more recently before Judge Black in the case of *In re La Mont*, Case No. 08-BK-32995. Judge Black, relying on Judge Hollis' opinion in *Kasco*, orally denied the tax purchaser's motion to modify the automatic stay in that case. Hr'g Tr. 2:8-17, Feb. 17, 2012, ECF No. 44 in Case No. 08-BK-32995. The tax purchaser appealed.[4] The District Court affirmed the judgment in a thorough and well-reasoned opinion, with which this Court agrees. *In re La Mont*, No. 12 C 2481, 2012 WL 6727404, at *9 (N.D. Ill. Dec. 27, 2012) (Leinenweber, J.).

After review of the relevant case law, this Court is persuaded that the better view is to allow a chapter 13 debtor to cure delinquent real estate taxes over the life of the plan. A tax purchaser has an *in rem* right against property owned by a debtor in a bankruptcy, which gives the tax purchaser a "claim" in the bankruptcy case. *Bates*, 270 B.R. at 463-64; *In re Kasco*, 378 B.R. at 211; *see also Malec v. Cook Cnty. Clerk (In re Malec)*, 442 B.R. 130, 135 (Bankr. N.D. Ill. 2011) (Cox, J.); *In re Commings*, 297 B.R. 701, 708 (Bankr. N.D. Ill. 2003) (Goldgar, J.). As long as the redemption period has not expired prior to the bankruptcy filing, that claim can be

---

[4] The Court notes that the tax purchaser in *La Mont* is the same party seeking relief from stay in *Romious*.

4

modified under a debtor's chapter 13 plan. *La Mont*, 2012 WL 6727404, at *6. Debtors are not restricted by § 108(b), which "must be viewed in light of and in comparison with the broad powers to modify claims accorded Chapter 13 debtors as well as the predominant policy of Chapter 13 to afford debtors the opportunity to save their residential real estate." *McKinney*, 341 B.R. at 902. The reason debtors "may use Chapter 13 to pay the tax debt over time . . . is that they are not exercising their right to redeem. Instead, they are using their Chapter 13 plan to pay a secured claim over time, as they are entitled to do because § 1322(b)(2) provides Chapter 13 debtors the right to modify claims." *Kasco*, 378 B.R. at 213; *accord La Mont*, 2012 WL 6727404, at *6.

Alexandrov and FNA (collectively, the "tax purchasers") moved for relief from the automatic stay on the ground that they are not adequately protected. *See* 11 U.S.C. § 362(d)(1). The Court adopts the District Court's reasoning in *La Mont* and finds that the tax purchasers' rights are adequately protected because payment of the tax liens is provided for in the chapter 13 plans. *See La Mont*, 2012 WL 6727404, at *8. The tax purchasers' interests in these cases are protected because "Section '1325(a)(5) requires that a secured creditor's lien remain in place to secure the debtor[s'] performance under the debtor[s'] plan[s].'" *See id.* (quoting *Bates*, 270 B.R. at 468). The tax purchasers are further protected because they possess the right to assert a sale in error due to the bankruptcy filings, in which case they would be entitled to a full refund of the purchase price plus interest. *See id.* (citing 35 ILCS 200/21–310, 315, 316). Therefore, modification of the stay for cause under § 362(d) is not appropriate, and the motions will be denied.

Further, to the extent that the tax purchasers object to confirmation of the debtors' chapter 13 plans on the basis that delinquent real estate taxes cannot be paid in installments

through a chapter 13 plan, those objections are overruled for the reasons stated herein. However, any other outstanding objections to confirmation will be considered at the respective confirmation hearings.

## Conclusion

The Court agrees with Judges Wedoff, Hollis, Black, and Leinenweber as outlined herein. The tax purchasers' motions for relief from the automatic stay will be denied by separate orders.

Dated: January 18, 2013

_____
Janet S. Baer
United States Bankruptcy Judge